Leslie Sultan, Esq. (LS8337)
Law Offices of Leslie Sultan, Esq.
961 Bergen Street #3A
Brooklyn, NY 11216
(818) 268-9301
sultanesq@gmail.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | |
|---|---|
| AMARIS MESA, DENNIS FLORES, and ZHANDARKA KURTI      x | **Docket No.:** |
| | |
| Plaintiffs,      x | **1:09 cv 10464 (PKC) (DCF)** |
| | |
| -against-      x | |
| | |
| THE CITY OF NEW YORK, a municipal corporation;      x | **SECOND** |
| NEW YORK CITY POLICE DEPARTMENT; | **AMENDED COMPLAINT** |
| NEW YORK CITY POLICE OFFICER DELVALLE      x | |
| (Shield # 21321), | |
| NEW YORK CITY POLICE OFFICER AIDA DOLAN      x | **JURY TRIAL DEMANDED** |
| (Shield # 22442), | |
| NEW YORK CITY POLICE SERGEANT MILLIGAN      x | |
| (Shield # 4735), | |
| NEW YORK CITY POLICE OFFICERS | |
| "JOHN/JANE DOES 1-17",      x | |
| (whose identities are unknown but who are known to be | |
| police officers and employees of the New York City      x | |
| Police Department); all of whom are sued individually | |
| and in their official capacities,      x | |
| | |
| Defendants.      x | |

------------------------------------------------------------------------x

Plaintiffs AMARIS MESA, DENNIS FLORES and ZHANDARKA KURTI, by and

through their attorney(s), LAW OFFICES OF LESLIE SULTAN, as and for their complaint

allege as follows:

**PRELIMINARY STATEMENT**

1.  This is a civil rights action in which the Plaintiffs, AMARIS MESA and DENNIS FLORES, seek relief for Defendants' violations, under color of law, of their rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the First, Fourth, Fifth, Sixth and Fourteenth Amendment to the United States Constitution, and the Constitution and Laws of the State of New York, on or about September 29, 2008. This is also an action in which Plaintiffs DENNIS FLORES and ZHANDARKA KURTI seek relief from the same violation by Defendants that arose during a separate but related event on or about April 16, 2010 at 43rd Police Precinct.

2.  Defendants, CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER DOLAN - Shield # 22442 ("OFFICER DOLAN"), NEW YORK CITY POLICE OFFICER DELVALLE - Shield # 21321 (OFFICER DELVALLE); and NEW YORK CITY POLICE OFFICERS "JOHN/JANE DOES 1-15," individually and in their official capacities, jointly and severally, did cause Plaintiffs AMARIS MESA and DENNIS FLORES, to be subjected to, *inter alia*, discrimination, excessive and unreasonable force, false arrest, detention and imprisonment, and malicious prosecution causing them serious injuries.

3.  Defendants, CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER DOLAN - Shield # 22442 ("OFFICER DOLAN"), NEW YORK CITY POLICE SERGEANT MILLIGAN (Shield # 4735) and NEW YORK CITY POLICE OFFICERS "JOHN/JANE DOES 16-17," individually and in their official capacities, jointly and severally, did cause Plaintiffs DENNIS FLORES and ZHANDARKA KURTI, to be subjected to, *inter alia*, false arrest, detention, harassment and malicious prosecution causing them serious injuries.

4.  Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of attorneys fees and costs, and such other and further relief as this Court deems proper.

## JURISDICTION

5.  This federal civil action is brought pursuant to 42 U.S.C. §§1983, 1986 and 1988 and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and pursuant to Article 1, §§6, 8, 11 and 12 of the Constitution of the State of New York.

6.  Plaintiffs' claims for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

7.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) to hear and decide claims arising under state law.

## VENUE

8.  Venue is properly laid in this District under 28 U.S.C. §1391(b), this being the District in which the events giving rise to Plaintiffs' claims occurred.

## PARTIES

9.  At all relevant times, Plaintiff AMARIS MESA was and is a citizen of the United States, resident of the State of New York, of Dominican Republic descent, and a practitioner of African-Indigenous Religious beliefs.

10. At all relevant times, Plaintiff DENNIS FLORES was and is a citizen of the United States, resident of the State of New York, of Puerto Rican descent, and a practitioner of African-Indigenous Religious beliefs.

11. At all relevant times, Plaintiff ZHANDARKA KURTI was and is a citizen of the United States and a resident of the State of New York.

12. At all relevant times, defendant CITY OF NEW YORK ("CITY") was and is a municipal corporation organized and existing under the laws of the state of New York with its principal offices located at City Hall and One Centre Street, New York New York.

13. At all times mentioned, the NEW YORK CITY POLICE DEPARTMENT ("NYPD") was a department or agency of the CITY that was and is responsible for the appointment, training, supervision, promotion, and discipline of police officers of the NYPD, including defendants NEW YORK CITY POLICE OFFICER DOLAN - Shield # 22442 ("OFFICER DOLAN"), NEW YORK CITY POLICE OFFICER DELVALLE - Shield # 21321 ("OFFICER DELVALLE"), NEW YORK CITY POLICE SERGEANT MILLIGAN -Shield # 4735 ("SERGEANT MILLIGAN"); and NEW YORK CITY POLICE OFFICERS "JOHN/JANE DOES 1-17" ("OFFICERS JOHN/JANE DOES 1-17" or "OFFICERS JOHN/JANE DOES 1-15" or "OFFICERS JOHN/JANE DOES 16-17").

14. Upon information and belief, defendants OFFICER DELVALLE, OFFICER DOLAN, and SERGEANT MILLIGAN were and are citizens of the United States and the State of New York.  At all relevant times, these individual defendants were employed as NYPD officers by defendant CITY and acted under color of law and under color of their authority as officers, agents, servants and employees of defendant CITY.  The individual defendants are sued individually and in their official capacities.

15. Upon information and belief, defendants OFFICERS "JOHN/JANEDOES 1-17" (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department) were and are citizens of the United States and the

State of New York.  At all relevant times, these individual defendants OFFICERS

JOHN/JANE DOES 1-17 are, or were at all times relevant to this complaint employed as

NYPD officers by defendant CITY and acted under color of law and under color of their

authority as officers, agents, servants and employees of defendant CITY.  Defendants

OFFICERS JOHN/JANE DOES 1-17 include individuals who assisted and/or conspired

to and/or acted in concert and/or did engage in the violations of Plaintiffs' rights

described herein, or who failed to protect the Plaintiffs from violations of their

constitutional rights.

16. The individual defendants are sued individually and in their official capacities.

17. At all times relevant herein, each of the individual defendants acted under color of law in

the course and scope of his or her duties and functions as an agent, employee, servant

and/or officer of the CITY and/or NYPD in engaging in the conduct described herein.

18. At all times relevant herein, each of the individual defendants have acted for and on

behalf of the CITY and/or NYPD, and incidental to the lawful pursuit of their duties as

officers, agents, employees, and or servants of the CITY and/or NYPD.

19. At all times relevant herein, the individual defendants clearly violated established

standards under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United

States Constitution of which a reasonable police officer under his or her respective

circumstances would have known.

## **ADMINISTRATIVE PROCEEDINGS AND TIMELINESS**

20. On October 28, 2008, pursuant to New York General Municipal Law Section 50-e(1),

Plaintiffs duly caused to be served on defendant CITY a first timely Notice of Claim, and

such service was within 90 days of the events giving rise to Plaintiffs' claims.

21. AMARIS MESA's first claim (claim # 2008P1025606) was for personal injuries and physical, emotional, mental, and psychological pain and suffering, medical expenses, embarrassment and humiliation sustained by claimant as a result of Defendants' intentional, reckless and or negligent use of excessive force. AMARIS MESA was falsely imprisoned and subjected to illegal search and seizure, violations of her right to due process, retaliation for protected First Amendment activity, assault and battery, and her civil rights were violated.

22. DENNIS FLORES's first claim was for emotional, mental, and psychological pain and suffering, embarrassment and humiliation sustained by claimant as a result of Defendants' intentional, reckless and or negligent use of excessive force. DENNIS FLORES was falsely detained and subjected to illegal search and seizure, violations of his right to due process, retaliation for protected First Amendment activity, and his civil rights were violated.

23. More than thirty (30) days have elapsed since Plaintiffs' first Notices of Claim was served on defendant CITY. Defendants have waived their right to an administration hearing pursuant to New York General Municipal Law Section 50-h. The CITY and the Comptroller have neglected and refused to adjust or pay Plaintiffs' claims.

24. A second timely Notice of Claim on behalf of Plaintiff AMARIS MESA was duly served on defendant CITY on February 23, 2010 and such service was within 90 days of the events giving rise to Plaintiff AMARIS MESA's second claim.

25. This second Notice of Claim for AMARIS MESA was for malicious prosecution.

26. More than thirty (30) days have elapsed since Plaintiff AMARIS MESA's second Notice of Claim was served on Defendant CITY. Defendants have waived their right to an

administration hearing pursuant to New York General Municipal Law Section 50-h.  The CITY and the Comptroller have neglected and refused to adjust or pay Plaintiffs' claims.

27. A second timely Notice of Claim on behalf of Plaintiff DENNIS FLORES was duly served on defendant CITY on April 13, 2010 and such service was within 90 days of the events giving rise to Plaintiff DENNIS FLORES's second claim.

28. This second Notice of Claim for DENNIS FLORES was for malicious prosecution.

29. A Complaint was filed by the Plaintiffs, *pro se*, with the United States District Court for the Southern District of New York on December 23, 2009.

30. This action was been commenced within the one-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. §1986, within one year and ninety-days after the state law cause of action set forth herein accrued, and within the three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. §1983.

31. The complaint was amended once as a matter of course pursuant to Rule 15 of the Federal Rules of Civil Procedure §15(a) and was filed with the Clerk on April 15, 2010.

32. Service of the pleadings was effectuated on the original Defendants on April 16, 2010 and April 19, 2010 and proof of service was filed with the clerk on April 21, 2010.

33. A third timely Notice of Claim on behalf of Plaintiff DENNIS FLORES was duly served on defendant CITY on May 18, 2010 and such service was within 90 days of the events giving rise to Plaintiff DENNIS FLORES's second arrest and third claim.

34. DENNIS FLORES's third claim was for emotional, mental, and psychological pain and suffering, embarrassment and humiliation sustained by claimant as a result of Defendants OFFICER DOLAN, SERGEANT MILLIGAN, and OFFICERS JOHN/JANE DOES 16-

17 OFFICERS JOHN/JANE DOES 16-17's intentional, reckless and or negligent retaliatory arrest of DENNIS FLORES on April 16, 2010 at 43rd Police Precinct after Defendant OFFICER DOLAN was served with papers in this action. DENNIS FLORES was falsely arrested, detained and subjected to illegal search and seizure, violations of his right to due process, and his civil rights were violated.

35. A first timely Notice of Claim on behalf of Plaintiff ZHANDARKA KURTI was duly served on defendant CITY on May 18, 2010 and such service was within 90 days of the events giving rise to Plaintiff ZHANDARKA KURTI's arrest and first claim.

36. ZHANDARKA KURTI's fist claim was for emotional, mental, and psychological pain and suffering, embarrassment and humiliation sustained by claimant as a result of Defendants OFFICER DOLAN, SERGEANT MILLIGAN, and OFFICERS JOHN/JANE DOES 16-17's intentional, reckless and or negligent retaliatory arrest of ZHANDARKA KURTI on April 16, 2010 at 43rd Police Precinct after OFFICER DOLAN was served with papers in this action. ZHANDARKA KURTI was falsely arrested, detained and subjected to illegal search and seizure, violations of his right to due process, and her civil rights were violated.

37. An administration hearing pursuant to New York General Municipal Law Section 50-h is scheduled for DENNIS FLORES and ZHANDARKA KURTI has been scheduled for October 20, 2010.

38. A fourth timely Notice of Claim on behalf of Plaintiff DENNIS FLORES was duly served on defendant CITY on September 20, 2010 and such service was within 90 days of the events giving rise to Plaintiff DENNIS FLORES's fourth claim.

39. This fourth Notice of Claim for DENNIS FLORES was for malicious prosecution.

40. A second timely Notice of Claim on behalf of Plaintiff ZHANDARKA KURTI was duly served on defendant CITY on September 20, 2010 and such service was within 90 days of the events giving rise to Plaintiff ZHANDARKA KURTI's second claim.

41. This fourth Notice of Claim for DENNIS FLORES was for malicious prosecution.

42. Defendants answered the First Amended Complaint on August 6, 2010.

43. This pleading is the Second Amended complaint.

## FACTUAL ALLEGATIONS

**SEPTEMBER 29, 2008 - PUBLIC EVENT**

44. At or about 8:00 pm on September 29, 2008, Plaintiffs AMARIS MESA and DENNIS FLORES, both of Afro-Caribbean descent, were two of several public event spectators present at an annual public event celebrating an Afro-Dominican Santeria ceremony, St. Michael's Day, ("PUBLIC EVENT") held on or near East Kingsbridge Road and Morris Avenue, County of the Bronx, State of New York.

45. New York City Police Officers were present during the public event that was organized through the CITY and was scheduled to end at 8:00pm.

46. At or about 8:00 pm, OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES 1-15 started physically closing in on the public event spectators in an effort to announce that the event was over and disperse the crowd.

47. However, their announcement began as threats and verbal abuse that immediately and without provocation escalated to physical force, where several of Defendant NYPD officers approached spectators with their batons drawn and with extremely aggressive demeanors.

48. Defendant NYPD officers began forcefully shoving public event spectators across the sidewalk, poking/jabbing spectators with their batons, and yelling, in words or substance, to the effect of, "Get the fuck outta here!"

49. Plaintiffs AMARIS MESA and DENNIS FLORES were among the public event spectators ordered to disperse from the public event and Plaintiffs responded by cooperatively moving and following instructions and orders given by one of the Defendant police officers.

50. Because the police officers were standing on the sidewalk, Plaintiffs AMARIS MESA and DENNIS FLORES were forced to walk in the street and Defendant police officers told Plaintiffs to keep walking until several Defendant police officers surrounded Plaintiffs, which had the effect of said Defendant police officers blocking Plaintiffs' walking paths.

51. Several of the Defendant NYPD officers began pushing and shoving public spectators, including an elderly spectator.

52. Plaintiff DENNIS FLORES witnessed OFFICER DELVALLE push a female elder about five feet and then threatened to arrest her.  DENNIS FLORES spoke to OFFICER DELVALLE and said, in words and substance, to the effect of, "we just want to go home" and "let us leave peacefully, please."

53. DELVALLE replied, in words or substance, to the effect of, "have a good night" and she made a space for DENNIS FLORES and some of the other event spectators to walk away.

54. As he was walking away, DENNIS FLORES was concerned by the NYPD officers' involvement and aggression which caused him fear and concern for the public spectators'

safety, so he decided to use his digital camera that he was carrying to photograph the NYPD officers who were shoving the elderly public event spectators.

55. DENNIS FLORES held his digital camera and began photographing OFFICER DOLAN who was standing in the direction of several of the NYPD officers who were pushing and shoving public event spectators and DENNIS FLORES took one photo of OFFICER DOLAN in the hopes of later being able to identify the NYPD officers and their shield numbers.

56. OFFICER DOLAN saw DENNIS FLORES with the camera and began taunting him, shouting to DENNIS FLORES, in words or substance, to the effect of, "why didn't you tell me you was gunna take a photo, I would'a given you my better side."

57. OFFICER DELVALLE incited and instigated OFFICER DOLAN by saying to OFFICER DOLAN, "you gonna allow him to take your photo?"

58. Then OFFICER DOLAN began erroneously yelling to DENNIS FLORES that it is illegal to photograph police officers.  OFFICER DOLAN then threatened to confiscate and break the camera and place DENNIS FLORES under arrest.  OFFICER DOLAN then immediately proceeded to order auxiliary officers to place DENNIS FLORES and AMARIS MESA under arrest and to confiscate the camera.

59. DENNIS FLORES passed the camera to a student spectator and then put his arms up and began walking backwards.

60. A small group of OFFICERS JOHN/JANE DOES 1-15 swarmed DENNIS FLORES and shoved him into a store glass window.

61. DENNIS FLORES held his hands up against the window and was not resisting yet OFFICERS JOHN/JANE DOES 1-15 continued to push him, to such an extent that the

windows which DENNIS FLORES was shoved against began shaking under the force of DENNIS FLORES being pushed against the glass.

62. This excessive force and conduct by the Defendant OFFICERS JOHN/JANE DOES 1-15 caused DENNIS FLORES to fear for his safety and to feel emotionally distressed.

63. Several of Defendant OFFICERS JOHN/JANE DOES 1-15 handcuffed DENNIS FLORES and brought him to the back of a police van.

64. Meanwhile, AMARIS MESA took the camera from the student and OFFICER DOLAN saw that AMARIS MESA now held the camera.

65. In response, OFFICER DOLAN walked towards AMARIS MESA and ordered AMARIS to hand over the camera. OFFICER DOLAN then aggressively tried to grab and pull the camera away from AMARIS MESA.

66. A struggle ensued because AMARIS MESA was not willing to give up the camera and it was tugged back and forth.

67. During the tugging, someone bumped AMARIS MESA from behind causing her to fall into OFFICER DOLAN.

68. OFFICER DOLAN shouted, in words or substance, "Bitch, you gunna hit me?" and then shouted to another police officer, in words or substance, "Arrest her!"

69. Five male Defendant police officers responded to OFFICER DOLAN's request and surrounded AMARIS MESA, two of which grabbed AMARIS MESA's hands, and began shouting and cursing at her and pushed her down to the floor near a wall on the sidewalk curb. At no time during the arrest were the Defendant police officers giving AMARIS MESA directions as to how to kneel or submit to being restrained.

70. Everything happened so fast that AMARIS MESA hardly understood what was happening to her.

71. The resulting effect was that AMARIS MESA knew only that she was surrounded by five aggressive and angry male police officers who were forcing her to the floor and causing her pain and fear.

72. AMARIS MESA was forced down into a curled ball position on the floor and then forcefully yanked up and flung against a wall.

73. While she was on the floor, experiencing pain and being aggressively treated with excessive force by the officers, AMARIS MESA was told that she was being arrested for assaulting a police officer and then OFFICER DOLAN listed numerous other charges that she was going to attach to AMARIS MESA's arrest.

74. While AMARIS MESA was against the wall, one of Defendant NYPD OFFICERS JOHN/JANE DOES 1-15 put her in handcuffs.

75. Even after the handcuffs were on her, another male Defendant NYPD OFFICERS JOHN/JANE DOES 1-15 forcefully grabbed and squeezed AMARIS MESA's upper arm and pinned her body facing the wall.

76. The use of force by Defendants against AMARIS MESA was objectively unreasonable in light of the circumstances then and there prevailing, and as such constituted excessive force against Plaintiff AMARIS MESA's person, causing her injury.

77. At this point, while being publicly handcuffed, AMARIS MESA began to feel extremely humiliated and distraught and her fear escalated.

78. While AMARIS MESA was handcuffed in the street, OFFICER DOLAN began searching AMARIS MESA's purse and as OFFICER DOLAN pulled out items from the

purse, she found a small bottle of body oil and presumed that is was connected to "voodoo magic" and questioned AMARIS MESA by asking, in words or substance, to the effect of, "What is this, voodoo? You gunna put a spell on somebody."

79. At no time did Plaintiffs AMARIS MESA nor DENNIS FLORES act in any way to provoke the police officers nor was there any just cause to make an arrest or to take Plaintiffs to the police station.

80. At no time prior to being arrested by Defendants did AMARIS MESA or DENNIS FLORES engage in any unlawful, wrongful or disorderly conduct.

81. At no time did Plaintiffs obstruct any police function, resist arrest or engage in any conduct that could reasonably be construed as endangering or threatening any police officer or other individual.

82. Plaintiffs AMARIS MESA and DENNIS FLORES were both put into separate Police Vehicles to be transported to the 52nd Police Precinct in Bronx, NY.

83. While DENNIS FLORES was detained in the police vehicle, OFFICER DOLAN came over to the vehicle and made a comment, in words or substance, to the effect of, "Look at your voodoo people now – voodoo didn't help you from getting arrested."

84. While en route in a police vehicle to the 52nd Police Precinct, several Defendant NYPD officers who were transporting AMARIS MESA, stopped at a pizzeria to eat pizza and while the OFFICERS were waiting to leave the pizzeria, one of OFFICERS JOHN/JANE DOES 1-15 asked OFFICER DOLAN, in front of AMARIS MESA, why AMARIS MESA was being arrested. OFFICER DOLAN exaggerated her account of the facts and replied in words or substance, to the effect of, "because she punched me" to which the OFFICER JOHN/JANE DOE replied, in words or substance, to the effect of, "you should

have shot her." These statements caused AMARIS MESA to feel extremely unsafe, threatened, and emotionally distressed.

85. While at the 52nd Police Precinct, other NYPD officers at the Precinct asked Officer DOLAN in front of the Desk Sergeant, why DENNIS FLORES had been arrested and she replied, in words or substance, to the effect of, that DENNIS FLORES was "practicing that Voodoo/Santeria shit and running around the streets getting possessed by spirits."

86. AMARIS MESA was later transferred to Central Booking Unit located at 215 E 161st Street, Bronx, NY 10451 where she was detained for 24 hours and arraigned before a judge on Sunday, September 30, 2008, at which time she was falsely charged with obstructing governmental administration in the second degree (PL 195.05), resisting arrest (PL 205.30), and disorderly conduct (PL 240.20).

87. During her detention, AMARIS MESA became aware of acute pain in both her arms, where any movement she made caused her arms to hurt and also that the muscles in her legs were severely sore.

88. AMARIS MESA sought medical treatment upon her release and received medicine and treatment for her pain and psychological distress that resulted from the incident and false arrest.

**TRIAL OF AMARIS MESA**

89. During AMARIS MESA's first criminal trial held in the New York City Bronx Criminal Court located at 215 East 161st, Bronx, NY on February 19, 2009 (Summons #2008SX104068), OFFICER DOLAN testified, in words or substance, referring to the Plaintiff and spectators of the Afro-Dominican Santeria ceremony public event, that they were at a "Santeria festival" and "They were drinking from a goats head, blood. There

was some type of weird smoke, some type of witch craft language or voodoo in

Spanish…"

90. But then OFFICER DOLAN's testimony changed and she stated that she didn't see

Plaintiff AMARIS MESA drinking blood and said, in words or substance, "I didn't see

her drink blood, no, if she did that's her problem, not mine."

91. At several times throughout the trial the Judge interrupted AMARIS MESA's counsel

and thwarted his examination of the witness, OFFICER DOLAN.

92. OFFICER DOLAN acted belligerent on the stand.

93. OFFICER DOLAN also made many inconsistent statements during the trial, during

Cross-Examination, on the record, such as:

ATTORNEY: You indicated this was a party?

OFFICER DOLAN: It was an unlicensed street fair going on botanical some
Santeria party going on.

ATTORNEY: Unlicensed, did you check people's licenses?

OFFICER DOLAN: No.

ATTORNEY: So, how are you able to say this was an unlicensed street fair?

OFFICER DOLAN: That I cannot tell, but all I know is that I couldn't tell if it
was licensed or unlicensed that I don't know, all right.[1]

94. Ultimately, the claims against AMARIS MESA were dismissed.

95. For an unknown reason, a second trial was held in the Supreme Criminal Court (#

C2008X675598 Indictment # X2008C58454) located at 265 East 161st Street, Bronx, NY,

before Judge Davidowitz.

---

[1] Taken from the transcripts of the trial of The People of the State of New York v. Amaris Mesa, Docket no.
2008SX104068, page 8.

96. AMARIS MESA appeared approximately three times, on November 24, 25, and 30, 2009 in connection with the false charges against her.  Again, AMARIS MESA was acquitted of all charges.

97. As a direct and proximate result of the events described above, Plaintiff AMARIS MESA suffered violations of her rights to free speech, due process and equal protection; loss of liberty; unreasonable seizure; unconstitutional arrest, malicious prosecution; deprivation of other constitutional rights; pain and suffering; mental anguish and emotional distress; physical and psychological injuries; shame, humiliation and indignity; damage to reputation; financial loss including loss of income, and damage to the advancement of her career; legal fees and expenses.

## TRIAL OF DENNIS FLORES

98. DENNIS FLORES was arrested and detained in the 52nd Police Precinct in Bronx, NY and was released after two to three hours, on September 29, 2008.

99. DENNIS FLORES received a summons to appear in New York City Bronx Criminal Court located at 215 East 161st, Bronx, NY on February 19, 2009 (Summons # 4318442457, Docket # 2008SX104076) and which falsely charged him with disorderly conduct (PL 240.20(6)).

100.    DENNIS FLORES appeared on or about February 29, 2009 and pled not guilty to the charges against him and a trial was set for the case.

101.    DENNIS FLORES returned to court several times to defend against the false charges against him, but on at least two court appearance dates, OFFICER DOLAN did not appear to testify and the trial had to be rescheduled several times.

102.    DENNIS FLORES appeared in court on or about December 2, 2008, February 19, 2009, May 11, 2009, August 13, 2009, December 30, 2009, and March 25, 2010.

103.    In August 2009, DENNIS FLORES learned that a warrant had been issued for his arrest for failing to appear in court, which was a surprise to him because he never received a notice in the mail informing him of an August court appearance.

104.    When DENNIS FLORES found out that he missed his court date he immediately went to the Bronx Court to try and resolve the warrant issue. DENNIS FLORES appeared in front of Judge Quattrochi but the judge took it upon himself to plead "guilty" on behalf of DENNIS FLORES and issue him a $25 fine.

105.    DENNIS FLORES spoke up and asked Judge Quattrochi, in words and substance, "Why are you pleading for me?" DENNIS FLORES also tried to explain to the Judge that he never received a notice to appear in court, but Judge Quattrochi ordered DENNIS FLORES to "shut up."

106.    Judge Quattrochi proceeded to become angry and told DENNIS FLORES that he has been wasting the court's time, that the police officer had repeatedly shown up to court numerous times but that DENNIS FLORES had not appeared twice.

107.    Both of these accusations by Judge Quattrochi were untrue and without merit based on court records.

108.    DENNIS FLORES responded by trying to correct Judge Quattrochi and telling him that the officer was the one who hadn't showed up to court and that this was the first and only time DENNIS FLORES had missed a court appearance and that such absence was excusable due to failure to receive notice in the mail.

109.     Judge Quattrochi angrily denied DENNIS FLORES a right to be heard, and stated, in words and substance, to the effect of, "If you want to fight this case then I will set bail on you and you will fight this case from prison!"

110.     Judge Quattrochi then ordered court officers to take DENNIS FLORES to the jail/holding cells behind the courtroom.

111.     Fortunately, a court clerk who witnessed this injustice took it upon himself to search through his computer/files and review the history of the case and saw that what DENNIS FLORES's had said to the judge was true: that DENNIS FLORES had in fact only missed one court appearance and that the officer had repeatedly missed court dates.

112.     The court clerk then stood up and told Judge Quattrochi that DENNIS FLORES was telling the truth.

113.     Court officers apologized to DENNIS FLORES and again brought him before Judge Quattrochi who revoked the warrant, unset bail, and scheduled another court hearing.

114.     Finally, after a year and a half, Plaintiff DENNIS FLORES received his trial, was ACQUITTED AFTER TRIAL because he was found not guilty of the charges against him and the case was dismissed on March 25, 2010, by the honorable Judge Quattrochi.

115.     During DENNIS FLORES's trial, Defendant OFFICER DOLAN, when being questioned about the sequence of events in DENNIS FLORES's arrest, gave inconsistent statements and subsequently refused to answer question by both DENNIS FLORES's counsel and the presiding Judge Quattrochi - raising doubts as to the credibility of her testimony.

116.     During her testimony, OFFICER DOLAN also stated, in words or substance, that she saw the participants at the event of September 29, 2008, kill a goat, pass around its head and drink its blood.

117.     Throughout the trial, Judge Quattrochi acted in a manner that denied DENNIS FLORES Due Process and his Sixth Amendment's Confrontation Clause right to present evidence in his defense by unjustly denying DENNIS FLORES's motions to subpoena documents, transcripts, records and evidence (including evidence that reflected OFFICER DOLAN's contradictory testimony) from the NYPD and CITY that were directly related to DENNIS FLORES's arrest and defense.

118.     As a direct and proximate result of the events described above, Plaintiff DENNIS FLORES suffered violations of his rights to free speech, due process and equal protection; loss of liberty; unreasonable seizure; unconstitutional arrest; malicious prosecution; deprivation of other constitutional rights; mental anguish and emotional distress; psychological injuries; shame, humiliation and indignity; damage to reputation; financial loss including loss of income, damage to the advancement of his career; legal fees and expenses.

**UNFOUNDED AND UNWARRANTED RE-ARREST OF DENNIS FLORES**

119.     A civil action was commenced by the filing of a Complaint by Plaintiffs AMARIS MESA and DENNIS FLORES, *pro se*, with the United States District Court for the Southern District of New York on December 23, 2009.

120.     At or about 6:30 p.m. on April 16, 2010 Plaintiff DENNIS FLORES went with Plaintiff ZHANDARKA KURTI to the 43rd Police Precinct, located at or near 900 Fteley

Ave, in the County of the Bronx, NY, to serve a copy of the Summons and Complaint on
OFFICER DOLAN.

121.    Service was effectuated by ZHANDARKA KURTI via personal service on
OFFICER DOLAN inside the 43rd Police Precinct.

122.    Upon completion of service, ZHANDARKA KURTI left the precinct and walked
across the street where she met with DENNIS FLORES who was waiting for her.

123.    Thereafter, OFFICER DOLAN and SERGEANT MILLIGAN followed
ZHANDARKA KURTI to where she and DENNIS FLORES were waiting to catch a bus
and told ZHANDARKA KURTI that she had "improperly" served OFFICER DOLAN.
OFFICER DOLAN and SERGEANT MILLIGAN insisted and demanded that both
ZHANDARKA KURTI and DENNIS FLORES come back to the precinct to "properly"
serve the documents.  SERGEANT MILLIGAN indicated that paperwork needed to be
filled out so that the papers could be "properly" served.  Believing that they had no other
choice, ZHANDARKA KURTI and DENNIS FLORES complied and followed the
Defendants to the precinct.

124.    Once inside the precinct, OFFICER DOLAN and SERGEANT MILLIGAN
questioned ZHANDARKA KURTI as to who she was and what her relationship to
DENNIS FLORES was.  SERGEANT MILLIGAN insisted that service was done
improperly.  ZHANDARKA KURTI responded that if the Defendants had a problem
with the service being proper, they could ask for a hearing in which a judge would
determine whether the serve was proper.

125.    SERGEANT MILLIGAN demanded ZHANDARKA KURTI hand over her
identification in order for him to fill out the "necessary" paperwork and allow the service

to be "proper" and "accepted."  ZHANDARKA KURTI politely asked to see said

paperwork.

126.    SERGEANT MILLIGAN replied to ZHANDARKA KURTI, in words or substance, to

the effect of, "You don't want to show identification, then we are arresting him," pointing to

DENNIS FLORES.  Throughout this interaction between SERGEANT MILLIGAN and

ZHANDARKA KURTI, DENNIS FLORES was not engaging in the conversation, but rather was

sitting in a chair in the waiting area near ZHANDARKA KURTI and SERGEANT MILLIGAN.

Within seconds, SERGEANT MILLIGAN proceeded to handcuff DENNIS FLORES.

127.    Moments later, OFFICER JANE DOE 17 approached ZHANDARKA KURTI

and told her to put her hand behind her. ZHANDARKA KURTI asked what she was

being arrested for and OFFICER JANE DOE 17 stated, in words or substance, to the

effect of, "Don't make me say it again," and then OFFICER JANE DOE 17 handcuffed

ZHANDARKA KURTI and brought her to the main desk where DENNIS FLORES was

standing in handcuffs. SERGEANT MILLIGAN told OFFICER JANE DOE 17 to let

ZHANDARKA KURTI go, as she was not the one under arrest. OFFICER JANE DOE

17 removed the handcuffs from ZHANDARKA KURTI.

128.    Thereafter, ZHANDARKA KURTI told SERGEANT MILLIGAN that she was

leaving the papers on the desk since he refused to take them. SERGEANT MILLIGAN

told her that he would not take the papers back. ZHANDARKA KURTI left the papers on

the desk and proceeded to walk out of the precinct. However, SERGEANT MILLIGAN

ran after ZHANDARKA KURTI, grabbed her and pulled her by the arm, and then

attempted to shove the papers in her purse.

129.     SERGEANT MILLIGAN then pulled ZHANDARKA KURTI by the arm and

ordered OFFICER JANE DOE 17 to arrest her, at which time OFFICER JANE DOE 17

again put handcuffs on ZHANDARKA KURTI and effectively arrested her.

130.     ZHANDARKA KURTI and DENNIS FLORES were falsely imprisoned for

approximately two hours in the precinct and both were charged with harassment in the

second degree, P.L. 240.26 (3).

131.     OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE

DOES 16-17 acted in retaliation and without just and probable cause or provocation and in

violation of Department rules, Federal Civil Rights Laws and the U.S. Constitution, and

falsely arrested and detained ZHANDARKA KURTI and DENNIS FLORES.

132.     Plaintiffs ZHANDARKA KURTI and DENNIS FLORES did nothing to warrant

this invasion of their civil rights and civil liberties.

133.     After their release from arrest, SERGEANT MILLIGAN told Plaintiffs

ZHANDARKA KURTI and DENNIS FLORES, in words or substance, to the effect of,

"now the papers have been properly served and we accept them!"

134.     Plaintiffs ZHANDARKA KURTI and DENNIS FLORES were maliciously

prosecuted when they were required to appear in court relating to summons numbers

**431051803-5** and **431051803-7**, respectively, on or about June 15, 2010, to which they

plead "Not-Guilty."

135.     Also on June 15, 2010, Plaintiffs ZHANDARKA KURTI and DENNIS FLORES

sought and received a "So-Ordered" subpoena from Judge Ruben Franco, and served two

copies of said subpoena on NYPD at the 43rd Precinct on June 24, 2010 and at One Police

Plaza and June 25, 2010. Return date for the Subpoena was July 1, 2010. NYPD failed to respond by July 1, 2010.

136.     On or about August 6, 2010, more than one month later, NYPD filed a Motion to Quash Subpoena with return date September 7, 2010. On or about September 1, 2010, Plaintiffs ZHANDARKA KURTI and DENNIS FLORES filed with the Criminal Court of the State of New York, Part SAP opposition papers to NYPD's Motion to Quash and submitted an Order to Show Cause to hold NYPD in Contempt of Subpoena, and served NYPD with opposition papers.

137.     Plaintiffs ZHANDARKA KURTI and DENNIS FLORES appeared again on or about September 7, 2010 for their trial and motions, at which time they were informed that charges against both Plaintiffs ZHANDARKA KURTI and DENNIS FLORES had been DISMISSED on September 2, 2010

## **LIABILITY OF INDIVIDUAL DEFENDANTS**

138.     Upon information and belief, the New York City Police Officers involved OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES 1-15 were several male and female police officers in uniform from the 52nd Precinct, located at 3016 Webster Avenue, Bronx, NY 10467. SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 16-17 were male and female police officers in uniform from the 43rd Police Precinct, located at or near 900 Fteley Ave, in the County of the Bronx, NY.

139.     Upon information and belief, at the times and places mentioned above, Defendants OFFICER DOLAN, OFFICER DELVALLE, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 1-17 who ordered Plaintiffs AMARIS MESA, DENNIS

FLORES and ZHANDARKA KURTI's wrongful arrests, denied Plaintiffs' exercise of their Constitutional rights, and caused them to be unreasonably seized, falsely arrested and imprisoned, and maliciously prosecuted.

140.     Upon information and belief, at the times and places mentioned above, Defendants OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES 1-15 intentionally assaulted and battered Plaintiff AMARIS MESA, causing her apprehension and physical injury.

141.     Upon information and belief, at the times and places mentioned above, Defendant SERGEANT MILLIGAN intentionally assaulted and battered Plaintiff ZHANDARKA KURTI causing her apprehension and physical injury

142.     Upon information and belief, at the times and places mentioned above, Defendants OFFICER DOLAN, OFFICER DELVALLE, SERGEANT MILLIGAN, and OFFICERS JOHN/JANE DOES 1-17 intentionally and /or negligently inflicted emotional distress upon Plaintiffs AMARIS MESA, DENNIS FLORES and ZHANDARKA KURTI.

143.     Upon information and belief, at the times and places mentioned above, Defendants OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES 1-15 intentionally and /or negligently unlawfully retaliated against and suppressed Plaintiffs AMARIS MESA and DENNIS FLORES's First Amendment freedom of speech.

144.     Upon information and belief, at the times and places mentioned above, Defendants OFFICER DOLAN, OFFICER DELVALLE, SERGEANT MILLIGAN, and OFFICERS JOHN/JANE DOES 1-17 participated in, supervised, ratified or tacitly

approved the unlawful and malicious arrest and/or prosecution of Plaintiffs AMARIS MESA, DENNIS FLORES, and ZHANDARKA KURTI.

145.     OFFICER DOLAN, a New York City Police Officer, acting under color of law, through her individual acts and omissions, expressly exhibited to the PLAINTIFFS, the public and the CITY, during the arrest of PLAINTIFFS AMARIS MESA and DENNIS FLORES, and on record, in court, her religious stereotypes, prejudices and discrimination against Santeria, Afro-Dominican Santeria religious and spiritual traditions and holidays, people who practice Santeria and other African-Indigenous religious beliefs, and the people who attended the Public Event.

146.     OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES 1-15 intentionally discriminated against and were deliberately indifferent to, and acted in reckless disregard of Plaintiffs AMARIS MESA and DENNIS FLORES rights based on their participation in a religious public event, in violation of the Equal Protection Clause of the 14th Amendment of the United States Constitution.

147.     OFFICER DOLAN and SERGEANT MILLIGAN, acting under color of law, through their individual acts and omissions, expressly retaliated against Plaintiffs ZHANDARKA KURTI and DENNIS FLORES for bringing a civil action against OFFICER DOLAN and the NYPD.

148.     The individual Defendants also discriminated against Plaintiffs AMARIS MESA and DENNIS FLORES by infringing upon their right to peaceably assemble because of their race and religion, in violation of the First amendment right to peaceably assemble and in violation of the 14th amendment Equal protection Clause.

149.     The individual Defendants through their individual acts and omissions were
deliberately indifferent to, and acted in reckless disregard of, Plaintiffs' federal and state
constitutional rights, privileges and immunities, directly causing them to suffer the
injuries and harm described above.

## LIABILITY OF DEFENDANT CITY OF NEW YORK

150.     Upon information and belief, all of the acts and omissions by the individual
defendants were carried out with full knowledge, consent and cooperation, and under the
supervisory authority of defendant CITY.

151.     Upon information and belief, defendant CITY by its policy-making agents,
servants and employees, authorized, sanctioned and/or ratified these defendants'
wrongful acts and omissions; and/or failed to prevent or stop these acts and omissions;
and/or allowed or encouraged these acts and omissions to continue.

152.     Upon information and belief, the acts and omissions of the individual defendants
resulted from and were taken pursuant to a de facto policy and/or well-settled and
widespread custom and practice of the CITY, which is implemented by police officers of
said CITY, inter alia: to summarily, without effort to explain or conciliate, all police
officers of the CITY to threaten to arrest and to detain and arrest public event spectators
who photograph police officers who are on public property and who are engaging in
matters of public interest, particularly persons of color; and to exert hostility and
excessive force when making such arrests.

153.     Moreover, upon information and belief, the acts and omissions of the individual
defendants resulted from and were taken pursuant to a de facto policy and/or well-settled
and widespread custom and practice of the CITY, which is implemented by police

officers of said CITY, <u>inter alia</u>: to retaliate and maliciously prosecute and bring false arrest and criminal charges against public event spectators who photograph police officers who are on public property and who are engaging in matters of public interest, particularly persons of color and persons of African-Indigenous Religious beliefs and/or religious groups.

154.    Upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a <u>de facto</u> policy and/or well-settled and widespread custom and practice of the CITY, which is implemented by police officers of said CITY, <u>inter alia</u>: to discriminate against public spectators who are attending Afro-Dominican Santeria religious and spiritual event, and to infringe on the public event spectators' right to assemble, based on individual defendants' religious stereotypes, prejudices and discriminations.

155.    Upon information and belief, the existence of such <u>de facto</u> policies and/or well-settled and widespread customs and practices has been known to supervisory and policy-making officers and officials of the NYPD and the CITY for a substantial period of time.

156.    Upon information and belief, despite knowledge of such illegal <u>de facto</u> policies, customs and practices, the supervisory and policy-making officers and officials of the NYPD and the CITY have not taken steps to terminate these policies, customs and practices, have not disciplined individuals who engage in such customs and practices, have not otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to, or negligent

disregard of, the effect of said policies, customs and practices upon the constitutional rights of persons, particularly persons of color, in the CITY.

157.    Upon information and belief, and without limiting the foregoing, the defendant CITY has specifically failed to terminate said practices in the following manner:

    a.  Has failed to properly train, instruct, and discipline police officers with regard to probable cause to arrest;

    b.  Has failed to properly train, instruct, and discipline police officers with regard to civilians' First Amendment-protected right to peaceably assemble, to engage in free speech and to photograph public events freely;

    c.  Has failed to properly train, instruct, and discipline police officers with regard to civilians' Fourteenth Amendment-protected right to be free from religious discrimination;

    d.  Has failed to properly train, instruct, and discipline police officers with respect to use of their authority;

    e.  Has failed to properly train, instruct, and discipline police officers with regard to humane and civilized ways to disperse a peaceful and obedient crowd on public spectators; and

    f.  Has failed to properly train, instruct, and discipline police officers with respect to properly lodging and prosecuting charges against civilians.

158.    The knowing and repeated failure of the Defendant CITY to properly supervise, train and discipline said officers actually caused the injuries to Plaintiffs alleged herein.

159.    Upon information and belief, defendant CITY knew or should have known that the acts alleged herein would deprive Plaintiffs of their rights without due process of law,

in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States

Constitution and Article 1 §§ 6, 8, 11 and 12 of the Constitution of the State of New York,

including, without limitation, Plaintiffs' right to free speech, freedom from deprivation of

liberty without due process of law, freedom from excessive or unreasonable use of force,

freedom from unreasonable seizure of his person, freedom from false arrest without

probable cause, imprisonment and unjustified detention, freedom from malicious

prosecution, freedom from religious discrimination, equal protection of the laws, and

equal privileges and immunities under the laws.

160.    Defendant CITY is also directly liable and responsible for the acts of the

individual defendants under the doctrine of *respondeat superior*.

## FIRST CAUSE OF ACTION
(Constitutional Violations – 42 U.S.C. §1983)

161.    AMARIS MESA, DENNIS FLORES and ZHANDARKA KURTI reallege and

incorporate by reference each and every allegation above as if fully set forth herein.

162.    Defendants, under color of state law, subjected Plaintiffs to the foregoing acts and

omissions without due process of law and in violation of 42 U.S.C. §1983 thereby

depriving Plaintiffs of their rights, privileges and immunities secured by the First, Fourth,

Fifth and Fourteenth amendments to the United States Constitution, including, without

limitation, deprivation of the following constitutional rights:

   a.  freedom to engage in protected speech;

   b.  freedom from deprivation of liberty without due process of law,

   c.  freedom from excessive or unreasonable use of force;

   d.  freedom from unreasonable seizure of his person;

   e.  freedom from arrest without probable cause;

f.  freedom from false arrest, imprisonment and unjustified detention that being

wrongful detention without good faith, reasonable suspicion or legal justification,

and of which wrongful detention Plaintiffs were aware and to which they did not

consent;

g.  freedom from false charges lodged against them by police officers;

h.  freedom from malicious prosecution by police officers, that being prosecution

without probable cause that is instituted with malice and that ultimately

terminated in Plaintiffs' favor;

i.  equal protection, privileges and immunities under the law; and

j.  freedom from abuse of process.

163.    Defendants' deprivation of Plaintiffs' constitutional rights resulted in the injuries

and damages set forth above.

## SECOND CAUSE OF ACTION
(Failure to Intervene – Fourth Amendment – 42 U.S.C. §1983
Against CITY and OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS
JOHN/JANE DOES 1-15)

164.    AMARIS MESA and DENNIS FLORES reallege and incorporate by reference

each and every allegation above as if fully set forth herein.

165.    Defendants are officers who at all times herein were employed by the NYPD and

CITY and were acting under color of law.

166.    Members of the NYPD have an affirmative duty to assess the constitutionality of

interactions between their fellow members of service and civilians and to intervene when

they observe another member of the police department employing unjustified and

excessive force against a civilian or falsely arresting a civilian.

167.     Defendants OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS

JOHN/JANE DOES 1-15 were present on the evening of September 29, 2008 and

witnessed:

    a.   the excessive force used to place DENNIS FLORES in handcuffs;

    b.   the excessive force used to place AMARIS MESA in handcuffs;

    c.   the false arrest of AMARIS MESA and DENNIS FLORES;

    d.   the intentional and negligent infliction of emotional distress on AMARIS MESA

       and DENNIS FLORES;

    e.   the religious discrimination against AMARIS MESA and DENNIS FLORES; and

    f.   Constitutional violations against AMARIS MESA and DENNIS FLORES.

168.     Defendants' use of force against Plaintiffs was obviously excessive and

unjustified under the circumstances yet Defendants failed to take any action or make any

effort to intervene, halt or protect Plaintiffs from being physically and/or emotionally

brutalized by their fellow officers.

169.     The arrests of Plaintiffs AMARIS MESA and DENNIS FLORES were clearly

without probable cause or other legal justification, and were in retaliation for Plaintiffs

being present at a religious event towards which the Defendants have shown religious

prejudice and discrimination.

170.     The arrests of Plaintiffs AMARIS MESA and DENNIS FLORES were also

clearly in retaliation for Plaintiffs exercising their First Amendment rights as citizens.

171.     Nonetheless, Defendants failed to take any action or make any effort to intervene,

halt or protect Plaintiffs from being unlawfully and wrongfully arrested, maliciously

prosecuted, and from having their rights violated.

172.     Defendants violated Plaintiffs' constitutional rights by failing to intervene in

OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES 1-

15's unconstitutional use of force and their failure to intervene in Plaintiffs'

unconstitutional arrests resulted in the injuries and damages set forth above.

### THIRD CAUSE OF ACTION
(Failure to Intervene – Fourth Amendment – 42 U.S.C. §1983
Against CITY and OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS
JOHN/JANE DOES 16-17)

173.     ZHANDARKA KURTI and DENNIS FLORES reallege and incorporate by

reference each and every allegation above as if fully set forth herein.

174.     Defendants are officers who at all times herein were employed by the NYPD and

CITY and were acting under color of law.

175.     Members of the NYPD have an affirmative duty to assess the constitutionality of

interactions between their fellow members of service and civilians and to intervene when

they observe another member of the police department employing unjustified and

excessive force against a civilian or falsely arresting a civilian.

176.     Defendants OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS

JOHN/JANE DOES 16-17 were present the evening of April 16, 2010 at 43rd Police

Precinct and witnessed:

    a.  the excessive force used to place ZHANDARKA KURTI in handcuffs;

    b.  the false arrest of ZHANDARKA KURTI and DENNIS FLORES;

    c.  the intentional and negligent infliction of emotional distress on ZHANDARKA
       KURTI and DENNIS FLORES;

    d.  the overt retaliation against ZHANDARKA KURTI and DENNIS FLORES; and

    e.  Constitutional violations against ZHANDARKA KURTI and DENNIS FLORES.

177.    Defendants' use of force against Plaintiffs was obviously excessive and

unjustified under the circumstances yet Defendants failed to take any action or make any

effort to intervene, halt or protect Plaintiffs from being physically and/or emotionally

brutalized by their fellow officers.

178.    The arrests of Plaintiffs ZHANDARKA KURTI and DENNIS FLORES were

clearly without probable cause or other legal justification, and were in retaliation for

Plaintiffs serving process on OFFICER DOLAN and exercising their rights as citizens.

179.    Nonetheless, Defendants failed to take any action or make any effort to intervene,

halt or protect Plaintiffs from being unlawfully and wrongfully arrested, maliciously

prosecuted, and from having their rights violated.

180.    Defendants violated Plaintiffs' constitutional rights by failing to intervene in

OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 16-

17's unconstitutional use of force and their failure to intervene in Plaintiffs'

unconstitutional arrests resulted in the injuries and damages set forth above.

## FOURTH CAUSE OF ACTION
(Monell Claim Against Defendant CITY
for Failure to Train, Supervise and Discipline - 42 U.S.C. §1983)

181.    AMARIS MESA, DENNIS FLORES and ZHANDARKA KURTI reallege and

incorporate by reference each and every allegation above as if fully set forth herein.

182.    Defendants are officers who at all times herein were employed by the NYPD and

CITY and were acting under color of law.

183.    All of the acts and omissions by the named and unnamed individual NYPD

officer defendants described above were carried out pursuant to overlapping policies and

practices of the City of New York which were in existence at the time of the conduct

alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the Defendant CITY and its agency, the NYPD.

184.    Defendant CITY and the NYPD, by and through its policy-makers, servants and employees, authorized, sanctioned and/or ratified the individual police defendants' wrongful acts; and/or failed to prevent or stop these acts; and/or allowed those acts to continue.

185.    Defendant CITY and the NYPD, by and through its policy-makers, created and maintained a custom, policy and/or practice of failing to adequately train, supervise and discipline its employees and agents, including the named and unnamed defendants in this case, regarding:

   a.   First Amendment rights of civilians' to free speech which includes the right to observe and protect police (mis)conduct without suffering retaliatory use of force;

   b.   First Amendment rights to peaceably assemble without government interference based on religious discrimination that does not serve an important government interest.

   c.   Obtaining probable cause to ensure that civilians not be falsely arrested, falsely imprisoned and maliciously prosecuted; and

   d.   Depriving Plaintiffs of their rights, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6,8,11 and 12 of the Constitution of the State of New York.

186.    Defendant CITY had actual or constructive notice of its failures to train, supervise and discipline its employees.  This is because defendant CITY knew that it was foreseeable that officers would confront situations requiring knowledge of free speech

rights and probable cause and that without the necessary training, supervision and discipline, constitutional violations would result. Yet defendant CITY chose not to provide such training, supervision and discipline or reprimand.

187.     The aforementioned CITY policies, practices, and/or customs of failing to supervise, train, instruct and discipline police officers and encouraging their misconduct are evidence by the police misconduct detailed herein.

188.     This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the named and unnamed defendants to engage in the conduct which proximately and directly caused Plaintiffs' injuries and damages set forth above.

### FIFTH CAUSE OF ACTION
(Constitutional Violation - First Amendment right to Peaceably Assemble
AGAINST OFFICER DOLAN, OFFICER DELVALLE and OFFICERS JOHN/JANE
DOES 1-15)

189.     AMARIS MESA and DENNIS FLORES reallege and incorporate by reference each and every allegation above as if fully set forth herein.

190.     Defendants are officers who at all times herein were employed by the NYPD and CITY and were acting under color of law.

191.     Plaintiffs AMARIS MESA and DENNIS FLORES were wrongfully arrested for being present at a public event in honor of an Afro-Dominican Santeria ceremony.

192.     Statements made by and actions of the Defendants demonstrated religious discrimination.

193.     The actions of the officers to end the public event at 8:00, before its scheduled closing time, and the manner in which they did it was in violation of Plaintiffs' right to peaceably assemble without racial or religious discrimination.

194.     There was no clear and present danger, nor imminent incitement of lawlessness that would have justified the Defendants conduct.

195.     On the contrary, the actions of the Defendant NYPD officers created a public disturbance.

196.     The Defendants actions were based on religious prejudices and discrimination.

197.     By aggressively and forcefully ending the public event early and moving people away from a public event, the defendant Officers were unreasonably restricting the time, place and manner in which the event spectators, AMARIS MESA and DENNIS FLORES were assembled.

198.     Therefore, Defendants violated the free speech and assembly rights of Plaintiffs arising pursuant to the First Amendment to the U.S. Constitution, the Equal Protection Clause of the Fourteenth Amendment, by executing an unconstitutional plan to end the public event early, assault and harass public event spectators, arrest Plaintiffs and substantially and discriminatorily disadvantage public event spectators who seek to engage in peaceful mass religious assembly.

199.     Defendants' unconstitutional conduct has proximately caused the Plaintiffs to suffer injury and harm to their ability to plan, organize, execute and attend other religious events in public spaces, and Plaintiffs have suffered compensable injuries and damages including the violation of their constitutional rights. Plaintiffs are suffering continuing and present adverse effects upon their First Amendment freedom.

## SIXTH CAUSE OF ACTION
(Constitutional Violation - Fourteenth Amendment right to Equal Protection
Against OFFICER DOLAN)

200.    AMARIS MESA and DENNIS FLORES reallege and incorporate by reference each and every allegation above as if fully set forth herein.

201.    Defendant OFFICER DOLAN is an officer who at all times herein was employed by the NYPD and CITY and was acting under color of law.

202.    Statements made by OFFICER DOLAN when she testified at both AMARIS MESA's trial and DENNIS FLORES's trial included such statements as, Plaintiffs attended a "Santeria festival;" that "they were drinking from a goats head, blood.  There was some type of weird smoke, some type of witchcraft, language, or voodoo in Spanish…;" and that she saw the participants at the event which lead to the arrests, kill a goat, pass around its head and drink its blood.

203.    Such untrue and false statements, made under oath, amounted to discrimination against AMARIS MESA and DENNIS FLORES based on their religion.

204.    Defendant OFFICER DOLAN committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiffs' rights, resulting in the injuries and damages set forth above, and is therefore liable for punitive damages.

### SEVENTH CAUSE OF ACTION
(Constitutional Violation - First Amendment right to Free Speech and Free Press)

205.    AMARIS MESA and DENNIS FLORES reallege and incorporate by reference each and every allegation above as if fully set forth herein.

206.    Defendants are officers who at all times herein were employed by the NYPD and CITY and were acting under color of law.

207.    During the Public Event, Defendant police officers began pushing and shoving public event spectators, including an elderly spectator.

208.    Plaintiff DENNIS FLORES witnessed OFFICER DELVALLE push an elder and

then threaten to arrest her.  DENNIS FLORES and OFFICER DELVALLE exchanged

words and the allowed DENNIS FLORES and some of the other event spectators to walk

away.

209.    Because DENNIS FLORES was concerned by the NYPD officers' involvement

and aggression which caused him fear and concern for the public spectators' safety, he

decided to use his digital camera that he was carrying to photograph the NYPD officers.

210.    DENNIS FLORES began photographing OFFICER DOLAN in the hopes of later

being able to identify the NYPD officers and their shield numbers.

211.    OFFICER DOLAN saw DENNIS FLORES with the camera and began taunting

DENNIS FLORES and threatened to confiscate and break the camera and place DENNIS

FLORES under arrest because OFFICER DOLAN claimed it was illegal to photograph

police officers.

212.    OFFICER DOLAN then immediately proceeded to order auxiliary officers to

place DENNIS FLORES and AMARIS MESA under arrest and to confiscate the camera.

213.    Such acts violated Plaintiffs' First Amendment right to record matters of public

interest involving police officers in the performance of their duties on public property.

214.    Defendants OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS

JOHN/JANE DOES 1-15 committed the foregoing acts intentionally, willfully and with

malicious disregard for Plaintiffs' rights, resulting in the injuries and damages set forth

above, and are therefore liable for punitive damages.

### EIGHTH CAUSE OF ACTION
(Constitutional Violation – Fourteenth Amendment right to Equal Protection
Against OFFICER DOLAN, OFFICER DELVALLE and OFFICERS JOHN/JANE
DOES 1-15)

215.    AMARIS MESA and DENNIS FLORES reallege and incorporate by reference each and every allegation above as if fully set forth herein.

216.    Defendants are officers who at all times herein were employed by the NYPD and CITY and were acting under color of law.

217.    A causal connection existed between police policies and customs and Defendants discriminatory acts that caused the arrests, malicious prosecution and injuries to Plaintiffs that further subjected Plaintiffs to a deprivation of rights.

218.    Defendants, with willful and malicious intent deprived AMARIS MESA and DENNIS FLORES of their equal protection rights by aggressively harassing, wrongfully arresting, and maliciously prosecuted and injured AMARIS MESA and DENNIS FLORES because they are of Afro-Caribbean descent and because of their participation and involvement in an Afro-Dominican Santeria ceremony.

219.    Such treatment of AMARIS MESA and DENNIS FLORES was based on their national origin and religious involvement.

220.    The deprivation is one of rights, privileges and immunities secured by the Constitution and State laws.

221.    Defendants OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES 1-15 committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiffs' rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

**NINTH CAUSE OF ACTION**
(Excessive Force by OFFICER DOLAN, OFFICER DELVALLE, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 1-17)

222.    AMARIS MESA, DENNIS FLORES and ZHANDARKA KURTI reallege and

incorporate by reference each and every allegation above as if fully set forth herein.

223.    During the arrests of the Plaintiffs, Defendants intentionally used

unconstitutionally excessive force in a violation of Plaintiffs' constitutional rights

governed by the Fourth Amendment.

224.    Defendants OFFICER DOLAN, OFFICER DELVALLE, SERGEANT

MILLIGAN and OFFICERS JOHN/JANE DOES 1-17 committed the foregoing acts

intentionally, willfully and with malicious disregard for Plaintiffs' rights, resulting in the

injuries and damages set forth above, and are therefore liable for punitive damages.

**TENTH CAUSE OF ACTION**
(New York State Constitutional Violations
Against OFFICER DOLAN, OFFICER DELVALLE, SERGEANT MILLIGAN and
OFFICERS JOHN/JANE DOES 1-17)

225.    AMARIS MESA, DENNIS FLORES and ZHANDARKA KURTI reallege and

incorporate by reference each and every allegation above as if fully set forth herein.

226.    Defendants' conduct breached the protections guaranteed to Plaintiffs by the New

York State Constitution, Article I, §§ 6, 8, 11 and 12, including his rights to:

   a.  freedom to engage in protected speech;

   b.  freedom from deprivation of liberty without due process of law,

   c.  freedom from unreasonable seizure of his person, including excessive force;

   d.  freedom from arrest without probable cause;

   e.  freedom from false arrest, imprisonment and unjustified detention;

   f.  freedom from the lodging of false charges against them by police officers;

   g.  freedom from malicious prosecution by police officers;

   h.  freedom from abuse of process; and

i. equal protection, privileges and immunities under the laws.

227.    Defendants' deprivation of Plaintiffs' rights under the New York State

constitution resulted in the injuries and damages set forth above.

## ELEVENTH CAUSE OF ACTION
(False Arrest of AMARIS MESA
Against OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES
1-15)

228.    AMARIS MESA realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

229.    Acting under color of law, Defendant(s) OFFICER DOLAN, OFFICER

DELVALLE, and OFFICERS JOHN/JANE DOES 1-15, unlawfully caused, ordered,

approved and/or knowingly failed to prevent Plaintiff AMARIS MESA's unlawful arrest

on September 29, 2008 without probable cause or other legal justification.

230.    The individual defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for AMARIS MESA's rights, resulting in the injuries and

damages set forth above, and are therefore liable for punitive damages.

## TWELVTH CAUSE OF ACTION
(False Arrest of DENNIS FLORES
Against OFFICER DOLAN, OFFICER DELVALLE and OFFICERS JOHN/JANE DOES 1-
15)

231.    DENNIS FLORES realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

232.    Acting under color of law, Defendant(s) OFFICER DOLAN, OFFICER

DELVALLE, and OFFICERS JOHN/JANE DOES 1-15, unlawfully caused, ordered,

approved and/or knowingly failed to prevent Plaintiff DENNIS FLORES's unlawful

arrest on September 29, 2008 without probable cause or other legal justification.

233.    The individual defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for DENNIS FLORES's rights, resulting in the injuries and

damages set forth above, and are therefore liable for punitive damages.

### THIRTEENTH CAUSE OF ACTION
(False Arrest of DENNIS FLORES
Against OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES
16-17)

234.    DENNIS FLORES realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

235.    Acting under color of law, Defendant(s) OFFICER DOLAN, SERGEANT

MILLIGAN and OFFICERS JOHN/JANE DOES 16-17, unlawfully caused, ordered,

approved and/or knowingly failed to prevent Plaintiff DENNIS FLORES's unlawful

arrest on April 16, 2010 without probable cause or other legal justification.

236.    The individual defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for DENNIS FLORES's rights, resulting in the injuries and

damages set forth above, and are therefore liable for punitive damages.

### FOURTEENTH CAUSE OF ACTION
(False Arrest of ZHANDARKA KURTI
Against OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES
16-17)

237.    ZHANDARKA KURTI realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

238.    Acting under color of law, Defendant(s) OFFICER DOLAN, SERGEANT

MILLIGAN and OFFICERS JOHN/JANE DOES 16-17, unlawfully caused, ordered,

approved and/or knowingly failed to prevent Plaintiff ZHANDARKA KURTI's unlawful

arrest on April 16, 2010 without probable cause or other legal justification.

239.     The individual defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for ZHANDARKA KURTI's rights, resulting in the injuries

and damages set forth above, and are therefore liable for punitive damages.

### FIFTEENTH CAUSE OF ACTION
(False Imprisonment of AMARIS MESA
Against OFFICER DOLAN, OFFICER DELVALLE and OFFICERS JOHN/JANE DOES 1-
15)

240.     AMARIS MESA realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

241.     The individual defendants, including defendant(s) OFFICER DOLAN, OFFICER

DELVALLE, and OFFICERS JOHN/JANE DOES 1-15 unlawfully ordered, approved,

and/or knowingly failed to prevent AMARIS MESA's wrongfully detention on

September 29, 2008, thereby depriving AMARIS MESA of her liberty without good faith,

reasonable suspicion or other legal justification.

242.     AMARIS MESA was conscious of, and did not consent to, her confinement.

243.     The individual Defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for AMARIS MESA's rights, resulting in the injuries and

damages set forth above, and are therefore liable for punitive damages.

### SIXTEENTH CAUSE OF ACTION
(False Imprisonment of DENNIS FLORES
Against OFFICER DOLAN, OFFICER DELVALLE and OFFICERS JOHN/JANE DOES 1-
15)

244.     DENNIS FLORES realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

245.     The individual defendants, including defendant(s) OFFICER DOLAN, OFFICER

DELVALLE, and OFFICERS JOHN/JANE DOES 1-15 unlawfully ordered, approved,

and/or knowingly failed to prevent DENNIS FLORES's wrongfully detention September

29, 2008, thereby depriving DENNIS FLORES of his liberty without good faith,

reasonable suspicion or other legal justification.

246.        DENNIS FLORES was conscious of, and did not consent to, his confinement.

247.        The individual Defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for DENNIS FLORES rights, resulting in the injuries and

damages set forth above, and are therefore liable for punitive damages.

### SEVENTEENTH CAUSE OF ACTION
(False Imprisonment of DENNIS FLORES
Against OFFICER DOLAN, OFFICER DELVALLE, SERGEANT MILLIGAN and
OFFICERS JOHN/JANE DOES 1-17)

248.        DENNIS FLORES realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

249.        The individual defendants, including defendant(s) OFFICER DOLAN, OFFICER

DELVALLE, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 1-17

unlawfully ordered, approved, and/or knowingly failed to prevent DENNIS FLORES's

wrongfully detention April 16, 2010, thereby depriving DENNIS FLORES of his liberty

without good faith, reasonable suspicion or other legal justification.

250.        DENNIS FLORES was conscious of, and did not consent to, his confinement.

251.        The individual Defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for DENNIS FLORES rights, resulting in the injuries and

damages set forth above, and are therefore liable for punitive damages.

### EIGHTEENTH CAUSE OF ACTION
(False Imprisonment of ZHANDARKA KURTI
Against OFFICER DOLAN, OFFICER DELVALLE, SERGEANT MILLIGAN and
OFFICERS JOHN/JANE DOES 1-17)

252.     ZHANDARKA KURTI realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

253.     The individual defendants, including defendant(s) OFFICER DOLAN, OFFICER

DELVALLE, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 1-17

unlawfully ordered, approved, and/or knowingly failed to prevent ZHANDARKA

KURTI's wrongfully detention April 16, 2010, thereby depriving ZHANDARKA

KURTI of her liberty without good faith, reasonable suspicion or other legal justification.

254.     ZHANDARKA KURTI was conscious of, and did not consent to, his confinement.

255.     The individual Defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for ZHANDARKA KURTI rights, resulting in the injuries

and damages set forth above, and are therefore liable for punitive damages.

## NINETEENTH CAUSE OF ACTION
(Malicious Prosecution of AMARIS MESA, relating to Summons #2008SX104068
Against OFFICER DOLAN and OFFICER DELVALLE and OFFICERS JOHN/JANE
DOES 1-15)

256.     AMARIS MESA realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

257.     Individual defendants OFFICER DOLAN, OFFICER DELVALLE, and

OFFICERS JOHN/JANE DOES 1-15 acting under color of law, commenced and

continued, and/or caused to be commences and continued, a criminal prosecution against

AMARIS MESA, relating to Summons #2008SX104068, that was lacking in probable

cause and instituted in malice, and which ultimately terminated in Plaintiff AMARIS

MESA's favor.

258.     Defendants OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS

JOHN/JANE DOES 1-15 committed the foregoing acts intentionally, willfully and with

malicious disregard for AMARIS MESA's rights, resulting in the injuries and damages

set forth above, and are therefore liable for punitive damages.

## TWENTIETH CAUSE OF ACTION
(Malicious Prosecution of AMARIS MESA, relating to Case #2008BX058454
Against OFFICER DOLAN and OFFICER DELVALLE and OFFICERS JOHN/JANE
DOES 1-15)

259.    AMARIS MESA realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

260.    Individual defendants OFFICER DOLAN, OFFICER DELVALLE and

OFFICERS JOHN/JANE DOES 1-15, acting under color of law, commenced and

continued, and/or caused to be commences and continued, a criminal prosecution against

AMARIS MESA, relating to Summons Case #2008BX058454,  that was lacking in

probable cause and instituted in malice, and which ultimately terminated in Plaintiff

AMARIS MESA's favor.

261.    Defendants OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS

JOHN/JANE DOES 1-15 committed the foregoing acts intentionally, willfully and with

malicious disregard for AMARIS MESA's rights, resulting in the injuries and damages

set forth above, and are therefore liable for punitive damages.

## TWENTY-FIRST CAUSE OF ACTION
(Malicious Prosecution of DENNIS FLORES relating to relating to Summons # 4318442457,
Docket # 2008SX104076 Against OFFICER DOLAN and OFFICER DELVALLE and
OFFICERS JOHN/JANE DOES 1-15)

262.    DENNIS FLORES realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

263.    Individual defendants OFFICER DOLAN, OFFICER DELVALLE, and

OFFICERS JOHN/JANE DOES 1-15, acting under color of law, commenced and

continued, and/or caused to be commenced and continued, a criminal prosecution against DENNIS FLORES that was lacking in probable cause and instituted in malice, and which ultimately terminated in Plaintiff DENNIS FLORES's favor.

264.    Defendants OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES 1-15 committed the foregoing acts intentionally, willfully and with malicious disregard for DENNIS FLORES's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## TWENTY-SECOND CAUSE OF ACTION
(Malicious Prosecution of DENNIS FLORES relating to Summons #431051803-7 Against OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 16-17)

265.    DENNIS FLORES realleges and incorporates by reference each and every allegation above as if fully set forth herein.

266.    Individual defendants OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 16-17, acting under color of law, commenced and continued, and/or caused to be commenced and continued, a criminal prosecution against DENNIS FLORES that was lacking in probable cause and instituted in malice, and which ultimately dismissed in Plaintiff DENNIS FLORES's favor.

267.    Defendants OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 16-17committed the foregoing acts intentionally, willfully and with malicious disregard for DENNIS FLORES's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## TWENTY-THIRD CAUSE OF ACTION
(Malicious Prosecution of ZHANDARKA KURTI relating to Summons #431051803-5 Against OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 16-17)

268.    ZHANDARKA KURTI realleges and incorporates by reference each and every allegation above as if fully set forth herein.

269.    Individual defendants OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 16-17, acting under color of law, commenced and continued, and/or caused to be commenced and continued, a criminal prosecution against ZHANDARKA KURTI that was lacking in probable cause and instituted in malice, and which ultimately dismissed in Plaintiff ZHANDARKA KURTI's favor.

270.    Defendants OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES 16-17committed the foregoing acts intentionally, willfully and with malicious disregard for ZHANDARKA KURTI's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

**TWENTY-FOURTH CAUSE OF ACTION**
(Assault and Battery of AMARIS MESA
Against OFFICER DOLAN, OFFICER DELVALLE and OFFICERS JOHN/JANE DOES 1-15)

271.    AMARIS MESA realleges and incorporates by reference each and every allegation above as if fully set forth herein.

272.    The individual defendants, OFFICER DOLAN, OFFICER DELVALLE and OFFICERS JOHN/JANE DOES 1-15, without just cause, willfully and maliciously touched Plaintiff AMARIS MESA without her authorization and used physical force on AMARIS MESA, causing her to suffer both physical and emotional injuries.

273.    The individual defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiffs' rights and are therefore liable for punitive damages.

**TWENTY-FIFTH CAUSE OF ACTION**

(Assault and Battery of ZHANDARKA KURTI Against SERGEANT MILLIGAN)

274.     ZHANDARKA KURTI realleges and incorporates by reference each and every allegation above as if fully set forth herein.

275.     The individual defendant, SERGEANT MILLIGAN, without just cause, willfully and maliciously touched Plaintiff ZHANDARKA KURTI without her authorization and used physical force on ZHANDARKA KURTI, causing her to suffer both physical and emotional injuries.

276.     The individual defendant committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff ZHANDARKA KURTI's rights and is therefore liable for punitive damages.

**TWENTY-SIXTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress on AMARIS MESA
Against OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES
1-15)

277.     AMARIS MESA realleges and incorporates by reference each and every allegation above as if fully set forth herein.

278.      Defendants OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES 1-15, by the aforementioned acts, did intentionally, willfully, and knowingly cause AMARIS MESA to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

279.     Defendants OFFICER DOLAN, OFFICER DELVALLE, and OFFICERS JOHN/JANE DOES 1-15 committed the foregoing acts intentionally, willfully and with malicious disregard for AMARIS MESA's rights and are therefore liable for punitive damages.

**TWENTY-SEVENTH CAUSE OF ACTION**

(Intentional Infliction of Emotional Distress on DENNIS FLORES
Against OFFICER DOLAN, OFFICER DELVALLE, SERGEANT MILLIGAN and
OFFICERS JOHN/JANE DOES 1-17)

280.     DENNIS FLORES realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

281.      The individual defendants, by the aforementioned acts, did intentionally,

willfully, and knowingly cause DENNIS FLORES to suffer mental and emotional

distress, pain and suffering, and damage to name and reputation.

282.     The individual defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for DENNIS FLORES's rights and are therefore liable for

punitive damages.

## TWENTY-EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress on ZHANDARKA KURTI
Against OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES
16-17)

283.     ZHANDARKA KURTI realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

284.      The individual defendants, by the aforementioned acts, did intentionally,

willfully, and knowingly cause ZHANDARKA KURTI to suffer mental and emotional

distress, pain and suffering, and damage to name and reputation.

285.     The individual defendants committed the foregoing acts intentionally, willfully

and with malicious disregard for ZHANDARKA KURTI's rights and are therefore liable

for punitive damages.

## TWENTY-NINTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress on AMARIS MESA
Against OFFICER DOLAN, OFFICER DELVALLE and OFFICERS JOHN/JANE DOES 1-
15)

286.     AMARIS MESA realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

287.     The individual defendants, by the aforementioned acts, did negligently cause

AMARIS MESA to suffer mental and emotional distress, pain and suffering, and damage

to name and reputation.

### THIRTIETH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress on DENNIS FLORES
Against OFFICER DOLAN, OFFICER DELVALLE, SERGEANT MILLIGAN and
OFFICERS JOHN/JANE DOES 1-17)

288.     DENNIS FLORES realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

289.     The individual defendants, by the aforementioned acts, did negligently cause

DENNIS FLORES to suffer mental and emotional distress, pain and suffering, and

damage to name and reputation.

### THIRTY-FIRSTCAUSE OF ACTION
(Negligent Infliction of Emotional Distress on ZHANDARKA KURTI
Against OFFICER DOLAN, SERGEANT MILLIGAN and OFFICERS JOHN/JANE DOES
16-17)

290.     ZHANDARKA KURTI realleges and incorporates by reference each and every

allegation above as if fully set forth herein.

291.     The individual defendants, by the aforementioned acts, did negligently cause

ZHANDARKA KURTI to suffer mental and emotional distress, pain and suffering, and

damage to name and reputation.

### THIRTY-SECOND CAUSE OF ACTION
(Negligence of the Individual Defendants
Against OFFICER DOLAN, OFFICER DELVALLE, SERGEANT MILLIGAN and
OFFICERS JOHN/JANE DOES 1-17)

292.      AMARIS MESA, DENNIS FLORES and ZHANDARKA KURTI reallege and incorporate by reference each and every allegation above as if fully set forth herein.

293.      The individual defendants, by the aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

  a.  Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances;

  b.  Carelessly and recklessly seized and detained Plaintiffs;

  c.  Carelessly and recklessly arrested and detained Plaintiffs without a warrant of probable cause;

  d.  Maliciously prosecuted Plaintiffs; and

  e.  Deprived Plaintiffs of their Constitutional rights

294.      The negligent actions of the individual defendants directly and proximately caused Plaintiffs' injuries and damages as set forth above.

## THIRTY-THIRD CAUSE OF ACTION
(Respondeat Superior
Against CITY OF NEW YORK)

295.      AMARIS MESA, DENNIS FLORES and ZHANDARKA KURTI reallege and incorporate by reference each and every allegation above as if fully set forth herein.

296.      Defendant CITY is liable for the actions of the individual defendants under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs AMARIS MESA, DENNIS FLORES and ZHANDARKA KURTI demand the following relief against defendants, jointly and severally:

(a) A judgment declaring the actions and conduct of defendants a violation of Plaintiffs' federal civil rights;

(b) Full and fair compensatory damages for physical, emotional, and economic injuries suffered by the Plaintiffs by reason of Defendants' unlawful and unjustified conduct, in an amount to be determined by a jury;

(c) Punitive damages in an amount to be determined by a jury;

(d) Reasonable attorney's fees;

(e) Costs and disbursements of this action;

(f) Pre- and post-judgment interest; and

(g) Such other and further relief as this court may deem just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

Plaintiffs demand trial by jury in this action on each and every one of their claims.

Dated: New York, New York
       September 29, 2010

LAW OFFICES OF LESLIE SULTAN, ESQ.

By: LESLIE SULTAN, ESQ. (LS8337)
961 Bergen Street #3A
Brooklyn, NY 11216
(818) 268-9301
sultanesq@gmail.com
*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Index No.: 09 cv 10464 (PKC) (DCF)

AMARIS MESA, DENNIS FLORES,
and ZHANDARKA KURTI

              Plaintiffs,

     -against-

THE CITY OF NEW YORK, a municipal corporation;
NEW YORK CITY POLICE DEPARTMENT;
NEW YORK CITY POLICE OFFICER DELVALLE
(Shield # 21321)
NEW YORK CITY POLICE OFFICER AIDA DOLAN
(Shield # 22442)
NEW YORK CITY POLICE SERGEANT MILLIGAN
(Shield # 4735),
NEW YORK CITY POLICE OFFICERS
"JOHN/JANE DOES 1-17",
(whose identities are unknown but who are known to be
police officers and employees of the New York City
Police Department); all of whom are sued individually
and in their official capacities,

              Defendants.

## SECOND AMENDED COMPLAINT

LAW OFFICES OF LESLIE SULTAN, ESQ.
LESLIE SULTAN (LS8337)
961 Bergen Street #3A
Brooklyn, NY 11216
(818) 268-9301
sultanesq@gmail.com